OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of William Robinson, filed March 7, 2005. Robinson entered into a land installment contract with Appellee Michael Collins on March 1, 1999, to purchase commercial property at 4732 South Dixie Drive, in Dayton, Ohio, for a purchase price of $150,000.00. Robinson defaulted on his obligation, and Collins attempted correspondence with Robinson regarding his default, sending a letter via certified mail on July 8, 2004 to Robinson at 3216 Atherton Road, in Kettering, Ohio. Collins initiated litigation on July 23, 2004. The certified letter of July 8, 2004 was returned unclaimed on July 24, 2004. Collins requested service by certified mail upon Robinson at 10121 Easton Pike, in New Lebanon, Ohio, the address referenced in the land installment contract. The summons and Complaint were returned to the clerk unclaimed. The clerk then sent the summons and Complaint by ordinary mail to the same address, and the ordinary mail envelope was not returned.
 {¶ 2} Robinson did not file an Answer, and on October 8, 2004, Collins filed a Motion for Default Judgment. The trial court entered a Default Judgment against Robinson on October 21, 2004. On November 16, 2004, Robinson filed a motion to vacate the default judgment pursuant to Civ. R. 60(B). On its face, the motion stated that the basis for vacating the default judgment is the trial court's lack of jurisdiction over Robinson. In the supporting memorandum, Robinson also asserted that he is entitled to relief because "there was surprise and excusable neglect in the Default Judgment filed herein." Robinson attached an affidavit stating that he resides at the Kettering address and not at the New Lebanon address. Collins filed a memorandum contra Robinson's motion to vacate on December 15, 2004. The trial court sustained Robinson's motion and vacated the default judgment on December 20, 2004, finding that Collins did not respond to Robinson's motion within the proscribed time limits set forth in the local rule or ask for an extension of time to respond. Collins then filed a motion for reconsideration, arguing that he was not served with Robinson's Civ. R. 60(B) motion until December 10, 2004. On February 4, 2005, the trial court sustained Collins' motion and vacated its entry sustaining Robinson's motion to vacate the default judgment, entering a "Decision, Entry, and Order Overruling Defendant's Motion 60(B) and Granting Plaintiff's Default Judgment Entry Nunc Pro Tunc Against Defendant." Robinson filed a motion for reconsideration on February 22, 2005, and Collins filed a memorandum contra, upon which the trial court has not ruled.
 {¶ 3} Robinson's first assignment of error is as follows:
 {¶ 4} "APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO VACATE JUDGMENT AGAINST APPELLANT WHEN THE COURT NEVER HAD JURISDICTION OVER APPELLANT"
 {¶ 5} A serving party must have a "reasonable expectation" that the party being served will receive mail at the address to which the mail is sent. Grant v. Ivy (1980), 69 Ohio App.2d 40,42. Civ. R. 4.6(D) provides that, "[i]f a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record * * *. If the attorney, * * * after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint * * * to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery."
 {¶ 6} A review of the record indicates that Collins properly effectuated service pursuant to Civ. R. 4.6(D), and that Robinson's arguments asserting a denial of due process accordingly lack merit. Collins had a reasonable expectation that Robinson would receive mail at the New Lebanon address. The certified mail was returned unclaimed, but the Complaint sent via ordinary mail was not returned. Robinson's affidavit does not state that he did not receive the summons and Complaint, only that he did not reside at the New Lebanon address. The fact that Robinson sought legal advice promptly reveals that he in fact did receive service of process. Robinson's first assignment of error is overruled.
 {¶ 7} Robinson's second assignment of error is as follows:
 {¶ 8} "THE COURT ERRED AS A MATTER OF LAW IN GRANTING PERSONAL JUDGMENT IN FAVOR OF THE PLAINTIFF-APELLEE AND AGAINST THE DEFENDANT-APPELLANT FOR MONEY, IN THE AMOUNT OF ONE HUNDRED THIRTY-SIX THOUSAND TWO HUNDRED ELEVEN AND 51/100 DOLLARS ($139,211.51) AND POSSESSION OF THE REAL ESTATE"
 {¶ 9} We initially note that, inexplicably, Robinson relies on R.C. Chapter 5313 for the proposition that Collins is not entitled to both damages and possession of the real estate, and then he asserts (correctly) that R.C. Chapter 5313 does not apply to land installment contracts for commercial properties such as the one in dispute herein. Johnson v. Maxwell (Aug. 10, 1988), Wayne App. No. 2354, 2374. We need not reach the substantive merits of Robinson's argument, however, because reversal is warranted on procedural grounds. The trial court erred in entering a judgment "nunc pro tunc" which sought to grant Collins a default judgment against Robinson. "Nunc pro tunc entries are limited in proper use * * * to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. (Internal citations omitted.) `Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action.'" National Union Fire Insurance Company ofPittsburg v. Hall (Nov. 25, 1998), Montgomery App. Nos. 17057, 17224. "It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. (Internal citations omitted.) It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors." (Internal citations omitted.)State v. Evans, Ross App. No. 04CA2797, 2005-Ohio-2337. The trial court's nunc pro tunc entry declares its previously vacated default judgment valid and properly rendered. The original order vacating the default judgment, however, reflected the trial court's true action, the trial court's granting of Robinson's motion pursuant to Civ.R. 60(B). In other words, because the trial court record spoke the truth initially, a nunc pro tunc order could not be employed to overrule Robinson's previously sustained motion and reinstate the default judgment. The trial court's order vacating its prior default judgment accordingly remains in effect, and this matter is remanded, pursuant to App.R. 27, for further proceedings on Collins' Complaint.
Wolff, J. and Grady, J., concur.