DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, denying appellant Susan Laatsch's Civ.R. 60(B) motion for relief from judgment.
 {¶ 2} Appellant filed a complaint seeking a divorce from appellee, Francis E. Laatsch, on August 18, 2003. Subsequently, the parties agreed to mediate the issues raised in the divorce proceeding and reached a settlement.
 {¶ 3} On August 3, 2004, a hearing was held before a magistrate. Appellee's attorney read the terms of the settlement on the record, and appellant's attorney added her own comments. After swearing in appellant and appellee, the magistrate asked both parties whether the agreement read by appellee's attorney reflected the terms of the settlement agreement. Both replied that it did. The magistrate then asked each party a succession of questions. These questions included whether each party understood the terms of the agreement, whether each entered into the agreement voluntarily and freely with the advice of counsel, whether each was satisfied that the agreement was a fair and equitable settlement of all of the issues before the court, and whether each wanted the trial court to approve the agreement and make it part of the divorce decree. Both parties answered these queries in the affirmative. The magistrate then approved the agreement. Additionally, on the day of the hearing, appellant and appellee signed separate written waivers of the right to file objections to the magistrate's decision.
 {¶ 4} It is undisputed that, at the settlement hearing, appellant and appellee agreed to, inter alia, the following pertinent terms: (1) "Husband will also pay partial attorney fees as specified in the entry."; and (2) "He [Husband] will name Wife as beneficiary on his BGSU term life insurance so long as he has a spousal support agreement." However, the consent judgment entry of divorce, which was prepared and filed by appellee's attorney on August 23, 2004, read, in pertinent part:
 {¶ 5} "7. Husband shall pay, as partial attorney fees, and as additional support, the sum of Fifteen hundred dollars ($1,500) to Plaintiff's attorney. * * *.
 {¶ 6} "8. Husband shall name Wife as a beneficiary on his BGSU term life insurance policy so long as he has a spousal support obligation." (Emphasis added.)
 {¶ 7} On September 9, 2004, appellant's trial counsel filed a motion for relief from judgment asserting that the judgment entry of divorce did not, in those respects listed above, reflect the parties' in-court agreement. On October 7, 2004, the trial judge filed a nunc pro tunc entry of divorce that accurately set forth the terms agreed to by the parties at the in-court hearing. Specifically, Paragraph 7 of the decision eliminated the phrase "and as additional support," and Paragraph 8 named appellant as the "sole beneficiary" of appellee's term life insurance policy for "so long as he has a spousal support obligation."[1]
 {¶ 8} On August 15, 2005, a Qualified Domestic Relations Order ("QDRO") was filed. The QDRO provides that appellant is entitled to one half of appellee's retirement benefits until, among other things, appellee's death.
 {¶ 9} On August 26, 2005, appellant filed a pro se motion to "dismiss" the judgment entry of divorce and the nunc pro tunc judgment entry of divorce. As grounds for the vacation of those entries, appellant cited "attorney mistakes, inadvertence, newly discovered evidence, documents never presented to Plaintiffs [sic] then counsel, and her [counsel's] failure to review documents with Plaintiff." Appellant also claimed that, per mediation, the agreement to the QDRO was that she was to receive one-half of appellant's retirement benefits for her lifetime. She also requested cost of living increases as appellee received them and asked that appellee be ordered to pay all of the fees engendered during the administration of appellee's retirement benefits.
 {¶ 10} The magistrate filed a decision in which he determined the alleged mistakes and errors made by appellant's attorney could not serve as the basis for a Civ.R. 60(B) motion to vacate the decree of divorce. Appellant filed objections in which she maintained that she did not have all the information concerning appellee's assets at the time of the divorce, that at mediation she stipulated that she wanted 50 percent of appellee's retirement benefits for her lifetime, that the QDRO did not reflect the agreement of the parties, and that she was not listed as the beneficiary of appellant's retirement benefits. Appellant concluded with a request for correction of not only the items listed above, but also for a 50 percent increase in her spousal support award.
 {¶ 11} Appellee filed a memorandum in opposition in which he claimed that appellant consented to all of the terms of the divorce decree, but now wished to re-litigate those terms. The trial court subsequently entered its decision denying appellant's motion to vacate. The court set forth each of the terms in the decree and noted that appellant consented to these terms in open court. The court further observed that appellant failed to set forth any evidence to support one of the grounds to support a motion for relief from judgment, as listed in Civ. R. 60(B).
 {¶ 12} Appellant appeals this judgment and asserts that the following error occurred in the proceedings below:
 {¶ 13} "The trial court erred and abused its discretion by not holding an evidentiary hearing on Appellant's pro se motion requesting dismissal pursuant to Ohio Civil Rule 60(B) when there existed in the motion sufficient allegations of operative fact which would support a meritorious defense to the judgment."
 {¶ 14} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show, through operative facts presented in evidentiary form, all three of the following:
 {¶ 15} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 16} This court can reverse a trial court's ruling on a Civ.R. 60(B) motion only if the trial court abused its discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. Furthermore, we also review the trial court's decision to deny appellants' Civ.R. 60(B) motion without an evidentiary hearing under an abuse of discretion standard. Your Financial Communityof Ohio, Inc. v. Emerick (1997), 123 Ohio App.3d 601, 605. Thus, we cannot reverse the trial judge's judgment in this case unless his attitude in reaching these decisions was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 17} Here, appellant did not assert any viable grounds for the motion. The grounds for appellant's motion to vacate are mistake, inadvertence, newly discovered evidence and "issues pertaining to assistance of counsel."[2] A reading of the purported facts underlying appellant's allegations of mistake and/or inadvertence on the part of her trial counsel reveals that they are merely allegations of dissatisfaction with the manner in which appellant's attorney handled this case and cannot, therefore, serve as a basis for a Civ.R. 60(B)(1) motion.
 {¶ 18} While newly discovered evidence is a second ground by which a movant can demonstrate entitlement to relief, see Civ.R. 60(B)(2), in order to be newly discovered, the evidence could not have been discovered with due diligence at the time of the divorce decree. Strack v. Pelton (1994), 70 Ohio St.3d 172,174. In the present case, appellant contends that she now knows that appellee did not declare all of his assets at the time of mediation/divorce. Appellant also claims that, contrary to his assertions at the time of the mediation, appellee taught summer school and was employed by "AMIR" during the year of the divorce. Appellant's divorce decree was filed on August 23, 2004. Appellant fails to offer operative facts in evidentiary form showing that any hidden assets or appellee's other employment was not discoverable at the time of the divorce decree or at any time prior to the filing of that decree. Accordingly, she cannot predicate her motion for relief from judgment on Civ.R. 60(B)(2).
 {¶ 19} Moreover, appellant failed to offer any evidentiary materials, such as an affidavit, that contained operative facts supporting her motion. This includes the asserted failure of the QDRO to comply with the terms reached during mediation. Finally, appellant's motion sought to re-litigate certain issues, e.g., spousal support, that could have and should have been raised in a direct appeal. Kunkle v. Kunkle, 6th Dist. No. F0-5-019,2006-Ohio-970, at ¶ 16 [A Civ.R. 60(B) motion to vacate cannot be used as a substitute for a timely direct appeal]. As a consequence, we find that the trial court's attitude in declining to hold an evidentiary hearing and in denying appellant's motion to vacate was not unreasonable, arbitrary, or unconscionable. Appellant's sole assignment of error is found not well-taken.
 {¶ 20} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.
[1] "Nunc pro tunc entries are limited in proper use * * * to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide. (Internal citations omitted.) `Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action.'" Collinsv. Robinson, 2d Dist. No. 20954, 2006-Ohio-407, at ¶ 9, quotingNatl. Union Fire Ins. Co. of Pittsburg v. Hall (Nov. 25, 1998), 2d Dist. Nos. 17057, 17224. In the case sub judice, the trial court properly used a nunc pro tunc entry to conform its prior order to what was actually decided.
[2] Appellant also raises, for the first time on appeal, "fraud, misrepresentation and misconduct of an adverse party." Because these grounds were not presented in the court below, we shall not consider them on appeal. Stores Realty Co. v.Cleveland (1975), 41 Ohio St.2d 41, 43 (Arguments that could have been, but were not, properly addressed to the trial court shall be deemed waived).