JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Donald Thompson ("husband"), appeals the trial court's decision denying his motion for relief from judgment without holding a hearing. Eight months after the trial court entered a final judgment of divorce between the husband and defendant-appellee, Donna Dodson-Thompson ("wife"), the husband moved to vacate the judgment entry, claiming that the terms of the separation agreement incorporated into the decree were unfair, unreasonable, and inconsistent. Other than attacking the underlying separation agreement, the husband failed to set forth any basis under Civ. R. 60(B) which would justify vacating the judgment. Finding no merit to the appeal, we affirm.
 Procedural Facts and History {¶ 2} The husband filed a complaint for divorce in June 2005. After numerous pretrials and lengthy discovery, trial was set to commence before a magistrate on October 31, 2006. But instead of going to trial, the parties reached a separation agreement, after two days of negotiations, as to all pending issues, including the division of marital property and spousal support. On November 2, 2006, the magistrate issued an agreed order stating the following:
 {¶ 3} "* * * Parties agree to a complete resolution of all pending issues. The in-court agreement is being retained by the court and is binding on all parties. Final documents required to effectuate the terms shall be prepared by counsel for plaintiff. *Page 2 
In the event a final entry is not submitted by December 31, 2006, the court will journalize the in-court agreement as its final order * * *."
 {¶ 4} The magistrate then filed her uncontested decision, signed by the parties, which referred to the separation agreement and contained the following acknowledgment clause:
 {¶ 5} "The parties also acknowledge that they have: (1) voluntarily entered into the separation agreement; (2) read the terms of the separation agreement; (3) made a full disclosure of marital assets; and (4) found the agreement to be fair, just, and equitable."
 {¶ 6} On January 3, 2007, the husband filed objections to a purported judgment entry submitted by the wife.[1] Attached to his objections, the husband attached a proposed judgment entry, which adopted the in-court settlement, i.e., the separation agreement, consistent with the prior agreed magistrate's decision. On January 25, 2007, the trial court signed the judgment entry submitted by the *Page 3 
husband, which incorporated the separation agreement reached by the parties in court, and entered final judgment on the complaint for divorce.
 {¶ 7} After retaining new counsel and eight months after the trial court's final order, the husband filed a motion for relief from judgment, seeking to vacate the final divorce decree on the grounds that the separation agreement was unfair, unreasonable, and contained inconsistent and illegal clauses. Specifically, the husband argued that the "letter," i.e., separation agreement (1) required him to transfer a deferred compensation account, which he claimed was prohibited under the law; (2) it unfairly gave the wife more than 50% of the marital assets; (3) the spousal support was unreasonable; and (4) the agreement improperly required him to name the wife as a beneficiary on his life insurance as a substitute for spousal support despite recognizing that spousal support payments should cease at his death. In support of his motion, the husband attached an affidavit, stating that he signed the letter, i.e., separation agreement, "under duress and extreme exasperation." The wife opposed the motion, and the trial court denied it without holding a hearing.
 {¶ 8} From this decision, the husband appeals, raising the following assignment of error:
 {¶ 9} "The trial court erred and abused its discretion in denying appellant's motion for relief from judgment without a hearing." *Page 4 
 Hearing on Motion for Relief from Judgment {¶ 10} Under Civ. R. 60(B), the court has the authority to vacate a final judgment due to: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ. R. 60(B).
 {¶ 11} To prevail on a motion for relief from judgment under Civ. R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec. Inc., v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If a movant fails to satisfy any one of these requirements, the *Page 5 
trial court should deny a Civ. R. 60(B) motion. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20; Svoboda v. Brunswick (1983),6 Ohio St.3d 348, 351.
 {¶ 12} These requirements must be shown by "operative facts" which demonstrate the movant's entitlement to relief. Rose Chevrolet, supra, at 21; see, also, Coleman v. Cleveland School Dist Bd. of Edn., 8th Dist. Nos. 84274 and 84505, 2004-Ohio-5854, _79; Black v. Pheils, 6th Dist. No. WD-03-045, 2004-Ohio-4270. Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief.Black, supra, at ¶ 68, citing Your Financial Community of Ohio, Inc. v.Emerick (1997), 123 Ohio App.3d 601, 607; see, also, Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 20, 1996-Ohio-430. "Moreover, if the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the court may deny the motion without conducting a hearing." Black, supra, at ¶ 68; McBroom v.McBroom, 6th Dist. No. L-03-1027, 2003-Ohio-5198, ¶ 39.
 {¶ 13} The trial court has discretion in deciding a motion for relief from judgment under Civ. R. 60(B) and discretion in determining whether to hold an evidentiary hearing on a motion submitted. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77; Laatsch v. Laatsch, 6th Dist. No. WD-05-101, 2006-Ohio-2923, ¶ 16. Therefore, its decision denying a Civ. R. 60(B) motion, without holding an evidentiary hearing, will not be disturbed on appeal absent an abuse of discretion. Id. An abuse of discretion is more than an error in judgment or a mistake of law; it connotes that *Page 6 
the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} In his single assignment of error, the husband argues that the trial court abused its discretion in failing to hold a hearing on his motion for relief from judgment. We disagree.
 {¶ 15} Although the husband generally identified Civ. R. 60(B)(4) and (5) as the grounds that he sought relief from judgment, he failed to allege operative facts that justified relief under either provision. In his motion, the husband essentially argued that (1) the division of property and the order of spousal support were unfair, (2) the trial court erroneously adopted a letter signed by the parties as the basis for the separation agreement, (3) that such letter contained inconsistent and illegal terms, and (4) there was no meeting of the minds. To the extent that the husband signed the letter, he claimed that he did so "under duress and extreme exasperation." Thus, the gravamen of his motion was that the terms of the spousal support and property division contained in the court's final entry of divorce were unreasonable, inequitable, and inconsistent.
 {¶ 16} These arguments, however, could have been raised on a direct appeal. See Fairbanks Capital Corp. v. Richards, 8th Dist. No. 86173,2006-Ohio-102, _5, citing Kelley v. Lane, 103 Ohio St.3d 432,2004-Ohio-5582, ¶ 3; see, also, Wilson v. Wilson, 8th Dist. No. 86817,2006-Ohio-4261 (wife precluded from challenging the division of marital property on appeal from denial of Civ. R. 60(B) motion when she *Page 7 
failed to challenge the underlying judgment in direct appeal). It is well-settled that a motion for relief from judgment cannot be used as a substitute for appeal, even when the Civ. R. 60(B) motion is filed within the period for a timely appeal. Lane, supra; Wilson, supra at ¶ 22;Smith v. Bd. of Health (June 28, 1993), 4th Dist. No. 92CA-2095. Rather than filing a direct appeal from the trial court's final entry of divorce and separation agreement, the husband erroneously seeks review of the trial court's judgment through his Civ. R. 60(B) motion, which does not allow for such relief. Doe v. Trumbull Cty. Children Serv.Bd. (1986), 28 Ohio St.3d 128, 131; Blasco v. Mislik (1982),69 Ohio St.2d 684, 686.
 {¶ 17} Despite the husband's attempt to invoke Civ. R. 60(B)(4) and (5), he failed to allege facts to support either ground. Civ. R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." In re Yates, 4th Dist. Nos. 05CA19 and 05CA20, 2006-Ohio-2761, ¶ 20, quoting Knapp v. Knapp (1986), 24 Ohio St.3d 141, 146. Civ. R. 60(B)(4) does not apply to any of the issues in this case. Here, there is nothing in the record to indicate that it is no longer equitable for the judgment to have prospective application. To the contrary, Ohio law favors the enforcement of an in-court settlement agreement voluntarily reached between the parties before a magistrate prior to trial. See, e.g., Walther v. l/l/a/f/?er (1995), 102 Ohio App.3d 378, 383
(recognizing that a settlement agreement entered into in the presence of the court becomes a binding contract); Kerwin v. Kerwin, 6th Dist. No. L-04-1002, *Page 8 2004-Ohio-4676; Perko v. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435, and 2002-G-2436, 2003-Ohio-1877. Indeed, "neither a change of heart nor poor legal advice is a reason to set aside a settlement agreement." Perko, supra, at ¶ 27.
 {¶ 18} The husband's broad claim that the final judgment entry of divorce and separation agreement should be set aside because it is no longer equitable to have prospective application is insufficient to require a holding on his motion for relief from judgment under Civ. R. 60(B)(4). Indeed, the well-established record before the court contradicted his various assertions. For example, contrary to the husband's claim that no separation agreement was executed, the record indicates otherwise. The magistrate clearly set forth in her journal entry of November 2, 2006, that the in-court agreement, namely, the letter dated October 23, 2006 with various terms negotiated and signed by the parties on November 1, 2006, would become the court's final order if the parties failed to submit the final documents required to effectuate the terms of the agreement. Additionally, the husband further acknowledged in a separate entry filed by the court on November 3, that he had "voluntarily entered into the separation agreement" and that he "found the agreement to be fair, just, and equitable." Notably, the final judgment entry of divorce and division of marital assets signed by the court, which included the letter as an exhibit, was submitted by the husband's counsel after objecting to the wife's proposed order. In essence, the husband complains of an order which he proposed to the court. *Page 9 
 {¶ 19} Similarly, as for the husband's claim that he signed the separation agreement under duress, he could have raised this claim on direct appeal. Nevertheless, in a case like this, where the parties have entered into an in-court settlement agreement with the assistance of their own counsel and in the presence of a magistrate, the husband's bald assertion of "duress" without alleging more operative facts surrounding this purported "duress" is insufficient to require the court to hold an evidentiary hearing. As discussed above, the husband indicated before the court that he voluntarily entered into the agreement. Here, the trial court had the opportunity to observe the parties and assess their willingness. And the negotiations giving rise to the agreement did not occur in a single meeting but over time with each party being represented by counsel. Indeed, the trial court signed the husband's proposed final judgment entry, which he submitted two months after the completed negotiations. Finally, the husband waited eight months after the final judgment to move to vacate the final judgment without explaining the reason for his delay. Under these circumstances, the husband failed to allege operative facts that warranted a hearing on his purported claim of "duress" and the trial court easily could have disregarded his self-serving affidavit as not credible.
 {¶ 20} Likewise, the husband failed to allege operative facts to suggest that he is entitled to relief under Civ. R. 60(B)(5), which permits relief from judgment for "any other reason justifying relief from the judgment." Civ. R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from *Page 10 
the unjust operation of a judgment, but it is not to be used as a substitute for any of the more specific provisions of Civ. R. 60(B).Smith v. Smith, 8th Dist. No. 83275, 2004-Ohio-5589, ¶ 16;Yates, supra, at 1J21, citing Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraphs one and two of the syllabus. "Relief on this ground is to be granted only in extraordinary situations, where the interests of justice call for it." Salem v. Salem (1988),61 Ohio App.3d 243, 245-246. The husband has not produced any "extraordinary circumstances" in this case to warrant the use of Civ. R. 60(B)(5).
 {¶ 21} Finally, as for the husband's claim at oral argument that he was entitled to a hearing on his claim for relief from judgment under Civ. R. 60(B)(1), namely, mutual mistake, we disagree. First, the husband never even indicated in his motion that he was seeking relief under Civ. R. 60(B)(1) or argued that there was a mutual mistake. SeeScotland Yard Condominium Assn. v. Spencer, 10th Dist. No. 05AP-1046,2007-Ohio-1239, ¶ 16 (recognizing that an appellant who fails to raise an argument in Civ. R. 60(B) motion filed in trial court is precluded from raising argument on appeal). But even liberally construing his motion under (B)(1), he merely alleged there was no meeting of the minds because the wife received a far larger share of the marital assets. These allegations, however, suggest that he made a unilateral mistake in signing the agreement, which is not a ground for relief under Civ. R. 60(B)(1). See McBroom, supra, at ¶ 27-30. He failed to allege any operative facts *Page 11 
demonstrating mutual mistake. Instead, the record more aptly revealed that he simply had a change of heart.
 {¶ 22} Accordingly, because the husband failed to allege operative facts justifying relief under any of the grounds set forth in Civ. R. 60(B)(1)-(5), thereby failing the second prong of the GTE test, he was not entitled to a hearing on his motion. Therefore, we cannot say that the trial court abused its discretion in denying his motion without a hearing.
 {¶ 23} Having found that the husband failed to meet the second prong of the GTE test, we need not address the other two prongs. See RoseChevrolet, supra, at 20.
 {¶ 24} The husband's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 12 
MARY J. BOYLE, JUDGE
SEAN C. GALLAGHER, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Although the record does not contain a proposed Judgment Entry filed by the wife, the husband references it in his motion. Its existence is immaterial to this appeal. *Page 1