[Cite as *Viscomi v. Viscomi*, 2012-Ohio-5721.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98405**

---

## JEFFREY VISCOMI

PLAINTIFF-APPELLEE

vs.

## TAMARA VISCOMI

DEFENDANT-APPELLANT

---

**JUDGMENT:
AFFIRMED**

---

Civil Appeal from the

**BEFORE:** Sweeney, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** December 6, 2012

**ATTORNEY FOR APPELLANT**

Jeffrey W. Krueger
J.W. Krueger, L.L.C.
P.O. Box 360135
Cleveland, Ohio 44136

**ATTORNEY FOR APPELLEE**

Joyce E. Barrett
800 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶1} Defendant-appellant Tamara Viscomi ("Wife") appeals the court's denial of her motion for relief from judgment in this divorce case. After reviewing the facts of the case and pertinent law, we affirm.

{¶2} On January 3, 2011, the court granted a divorce to Wife and Jeffrey Viscomi ("Husband"). The judgment entry incorporated a separation agreement that the parties entered into on December 14, 2010. No direct appeal was filed from this judgment.

**{¶3}** On August 19, 2011, Wife filed a motion for relief from judgment alleging that: Husband did not fully disclose his income and business interests and misrepresented the value of the marital home; the separation agreement is inconsistent with the judgment entry; she was under duress when she signed the separation agreement; the separation agreement is not equitable; and the interrelationship between spousal support and child support violates public policy.

**{¶4}** On April 25, 2012, the court denied Wife's motion for relief from judgment finding that Wife failed to show she had a meritorious claim or defense, Wife was not entitled to relief under Civ.R. 60(B), and the motion was untimely. The court additionally found that many, if not all, of Wife's complaints stemmed from the separation agreement and "should have been dealt with in a timely filed appeal." Wife appeals and assigns one error for our review.

I.

The trial court erred in denying Appellant's Motion for Relief from Judgment under Civil Rule 60(B).

**{¶5}** We review a ruling on a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). An abuse of discretion is "more than an error of law or judgment; it implies that

the court's attitude is unreasonable, arbitrary, or unconscionable." (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶6} In *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976), the Ohio Supreme Court held that to prevail on a Civ.R. 60(B) motion,

> the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶7} The court should overrule a motion for relief from judgment if the movant fails to establish any one of the three prongs of the *GTE* test. *Id.* at 151.

{¶8} On appeal, Wife argues that she is entitled to relief from judgment under two subsections of Civ.R. 60(B). First, she requests relief under Civ.R. 60(B)(3), which states that "the court may relieve a party * * * from a final judgment * * * for * * * fraud * * *, misrepresentation or other misconduct of an adverse party * * *." Wife argues that the "separation agreement demonstrates overreaching by [Husband] in this matter." Included in this "overreaching" are Husband's misrepresentation of their assets, the absence of child support in the separation agreement, and the conflict of interest created "as a result of

[Husband's] promise to pay [Wife's] counsel the sum of $10,000 toward [Wife's] attorney fees."

{¶9} To support her argument, Wife cites to the Ohio Supreme Court's holding in *Gross v. Gross*, 11 Ohio St.3d 99, 105, 464 N.E.2d 500 (1984), which states that antenuptial agreements

are valid and enforceable if three basic conditions are met: one, if they have been entered into freely without fraud, duress, coercion or overreaching; two, if there was a full disclosure, or full knowledge, and understanding, of the nature, value and extent of the prospective spouse's property; and, three, if the terms do not promote or encourage divorce or profiteering by divorce.

{¶10} Because this case does not involve the validity of an antenuptial agreement, *Gross* does not apply. Rather, the appropriate law for the court to consider when addressing an allegation under Civ.R. 60(B)(3) is that "the party seeking relief bears the burden of proving such fraud, misrepresentation, or misconduct by clear and convincing evidence." *Settoni v. Settoni*, 8th Dist. No. 97784, 2012-Ohio-3084, ¶ 25.

{¶11} In Wife's motion for relief from judgment, as well as her accompanying affidavit, she states the following regarding Husband's alleged overreaching: Wife signed the separation under duress because Husband threatened that she "would fair much worse if the

case went to trial * * *, the pressure of the trial taking place during the holiday period, and the anticipation of the children having to deal with their parents' contentious matters during the holiday."      An allegation of duress includes

> (1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party. * * * The assertion of duress must be proven to have been the result of the defendant's conduct and not by the plaintiff's necessities.

(Emphasis and citation omitted.)   *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 246, 551 N.E.2d 1249 (1990).

{¶12}   Upon review we find that Wife did not present sufficient operative facts to allege the defense of duress or to demonstrate fraud, misrepresentation, or misconduct under Civ.R. 60(B).   *See Settoni,* ¶ 27 (appellee's assertion that appellant's threats compelled him to sign an unfair separation agreement "rises only to the level of a mere general allegation that these events occurred" and does not justify relief under Civ.R. 60(B)(3)).   Wife does not present any specific details, corroborating evidence, or legal authority to support her allegation that she is entitled to relief from judgment.

{¶13} Additionally, Wife argues that "the Decree of Divorce does not equitably divide the parties' marital assets [and Husband] did not make a full and true disclosure of the value(s) of his numerous business interests," which entitles her to relief under Civ.R. 60(B)(3). To the extent that Wife argues that "signing the separation agreement was not in her best interest," we find that the court acted within its discretion by ruling that this issue could have been resolved through a direct appeal. *Doe v. Trumbull Cty. Children Servs. Bd.,* 28 Ohio St.3d 128, 129, 502 N.E.2d 605 ("a party may not use [a Civ.R. 60(B)] motion as a substitute for a timely appeal").

{¶14} Second, Wife requests relief under Civ.R. 60(B)(5), which is a catch-all provision of the statute, providing that the motion may be granted for "any other reason justifying relief from the judgment." Wife alleges that the separation agreement violates public policy, because it makes her right to receive spousal support conditional on Husband and Wife's minor children residing with Wife. This, she argues, "promotes or encourages [Husband] to profiteer by interfering with the mother-child relationship." As support for this argument, Wife cites to R.C. 3105.18, which lists factors a court shall consider when awarding spousal support.

{¶15} R.C. 3105.18 is not applicable to the case at hand, however, because the court incorporated into the divorce decree the terms of the separation agreement that Husband and

Wife voluntarily entered into. *Thomas v. Thomas*, 5 Ohio App.3d 94, 100, 449 N.E.2d 478 (5th Dist.1982).

> We hold that where, as here, a party has initiated negotiations leading to an "in-court" settlement stipulation incorporating essentially all of his demands, he should not be permitted to contend that the court in approving and adopting the bargain he struck has acted so unfairly as to constitute an abuse of discretion as a matter of law.

*Id.* at 98.

{¶16} Furthermore, Wife's arguments challenging the terms of the separation agreement could have been raised on direct appeal.

> Rather than filing a direct appeal from the trial court's final entry of divorce and separation agreement, the husband erroneously seeks review of the trial court's judgment through his Civ.R. 60(B) motion, which does not allow for such relief.

*Thompson v. Dodson-Thompson*, 8th Dist. No. 90814, 2008-Ohio-4710, ¶ 16.

{¶17} In conclusion, Wife failed to demonstrate that she was entitled to relief from judgment under Civ.R. 60(B). Because she did not establish this prong of the *GTE* test, we need not review whether she had a meritorious defense or the motion's timeliness. The court acted within its discretion by denying Wife's motion, and her sole assignment of error is overruled.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR