[Cite as *Christensen v. Christensen*, 2016-Ohio-5623.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103452**

## ROMIE M. CHRISTENSEN

PLAINTIFF-APPELLANT

vs.

## JAMES DAVID CHRISTENSEN

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-14-350543

**BEFORE:** Whitmore, J., Moore, P.J., and Hensal, J.*
(*Sitting by assignment: Judges of the Ninth District Court of Appeals)

**RELEASED AND JOURNALIZED:** September 1, 2016

**ATTORNEY FOR APPELLANT**

Paul A. Daher
Paul A. Daher & Associates
700 W. St. Clair Ave.
Suite 218
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE**

Deanna L. Dipetta
Zashin & Rich Co., L.P.A.
950 Main Avenue, 4th Floor
Cleveland, Ohio   44113

WHITMORE, J.:

{¶1} Appellant, Romie Marianne Christensen ("Wife"), appeals from the July 30, 2015 judgment of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, denying her motion for relief from judgment. This Court affirms.

I

{¶2} On January 28, 2015, the trial court granted a divorce to Wife and James David Christensen ("Husband"). The judgment entry incorporated a Shared Parenting Plan and a Separation and Property Settlement Agreement ("SPSA") that was entered into by the parties on September 3, 2014, and January 21, 2015, respectively. The parties, with counsel, negotiated the terms of the SPSA over the course of three days, instead of commencing the scheduled trial. The record indicates that no direct appeal was taken from the January 28, 2015 judgment entry.

{¶3} On April 14, 2015, Wife filed a motion for relief from judgment (oral argument requested), alleging that: (1) a mutual mistake occurred as to the equalization of the parties' retirement accounts[1] (2) the cash value of the parties' life insurance was not

---

[1] We note that there is a discrepancy in Wife's motion for relief from judgment and Wife's appellate brief as to the manner in which the parties' social security benefits should be off-set in order to achieve equalization of Wife's OPERS. In the body of her motion for relief from judgment, Wife indicates that "to be truly equal, *Wife's* theoretical social security benefits would need to be determined and quantified allowing for an off-set against her [S]tate benefit." (Emphasis added.) However, in her appellate brief, Wife argues that she "is not receiving an offset from [*Husband's*] social security benefits against her PERS benefits[.]" (Emphasis added.) Further, Wife's motion for relief from judgment incorrectly states that the

considered for purposes of equalizing the property settlement, and (3) a typographical error occurred as to the year Husband can claim one of the parties' three children for tax dependency exemption purposes. Further, Wife cites *Berlovan v. Berlovan*, 9th Dist. Medina No. 13CA0052-M, 2015-Ohio-1245, ¶ 6, for the proposition that she entered into the SPSA "unwillingly or under duress[.]"

{¶4} In his reply brief, Husband argues that Wife is not entitled to relief from judgment because: (1) the parties never mutually agreed upon an equal division of marital property, (2) there was no mutual mistake, but rather a unilateral mistake by Wife, (3) the settlement negotiations were not abnormal in any way, (4) Wife entered into the SPSA knowingly, willingly, and voluntarily, (5) the language in the SPSA is unambiguous as to the parties' intent regarding the division of marital assets, (6) Wife is barred by the doctrine of invited error, and (7) Wife is barred by the doctrine of res judicata and collateral estoppel.

{¶5} In denying Wife's motion without a hearing, the trial court stated, in part:

* * *

> [Wife] contends that an omission of a social security off-set was a mutual mistake by both counsel and that a typographical error occurred granting [Husband] the ability to claim the minor child as a tax dependent for exemption purposes as of 2014 when the year was supposed to state 2018.

---

SPSA does not list any retirement accounts to remain in Husband's name. Upon review, we note that the SPSA clearly states that "[t]he parties own the following Retirement, 401(k), IRAs & Stock Investment Accounts: * * * Husband; IRA with Amerifund.

[Wife] argues that both issues should be resolved in favor of her position and should be corrected by way of applying Civ.R. 60(B).

* *  *

The [c]ourt finds that [Wife's] [m]otion for [r]elief from [j]udgment was filed in a timely manner in less than one year's time after the journalization of the final judgment entry. However, [Wife] did not present a meritorious defense or claim and she is not entitled to relief under any of the grounds as stated in Civ.R. 60(B)(1) through (5). Civ.R. 60(B)(1) includes mistake, inadvertence, surprise or excusable neglect. [Wife's] claim is that a mutual mistake occurred which resulted in the omission of a social security off-set. As stated above, both parties were represented by legal counsel throughout the negotiations which spanned three days[.] * * * Furthermore, the parties and their respective legal counsel returned to court for the final hearing one week after the January 21, 2015 trial date. The [c]ourt finds that this one-week period of time was more than ample to allow the parties and their attorneys to review thoroughly the final documents presented to the [c]ourt at the final hearing on January 28, 2015. Therefore, a finding of mutual mistake is not applicable to this case. No other sections of Civ.R. 60(B) are applicable to this matter[,]including sections (2) through (5).

[Wife] claims pursuant to *Berlovan*, 2015-Ohio-1245, that a party who entered into a separation agreement or shared parenting plan unwillingly or subject to duress may use Civ.R. 60(B) to seek relief. However, at the final hearing on January 28, 2015 of the parties to the case at hand, both testified in court that they had read the agreements, understood them and felt that they were fair, just, and equitable when it came to the division of property and to the allocation of support and parental rights and responsibilities. Furthermore, they testified that they signed the agreements voluntarily and of their respective free will. Furthermore, in the recent case of *Richmond v. Evans*, 8th Dist. Cuyahoga No. 101269, 2015-Ohio-870, "[* * *]the trial court did not adopt its understanding of the parties' settlement agreement in the judgment entry of divorce; the trial court adopted the parties' agreement itself." Similarly, the [c]ourt here did not need to interpret or have a full understanding of the terms of the agreement that were drafted and reviewed over a period of approximately seven days. Instead, the [c]ourt simply adopted the agreement to which the parties testified was the fair, just and equitable resolution to their differences and their voluntary and willing agreement to address all outstanding issues to finalize the divorce action.

* * *

{¶6} Wife now appeals, raising two assignments of error. For ease of discussion, we address both assignments of error together.

II

Assignment of Error Number One

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [WIFE'S] MOTION [FOR] RELIEF FROM JUDGMENT (ORAL HEARING REQUESTED).


Assignment of Error Number Two

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [WIFE'S] MOTION [FOR] RELIEF FROM JUDGMENT WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.

{¶7} In her assignments of error, Wife argues that the trial court abused its discretion in denying her motion for relief from judgment: (1) because she met all three prongs set forth in *GTE Automatic Elec. Inc., v. ARC Industries, Inc.*, 47 Ohio St.2d 146, (1976), paragraph two of the syllabus, and (2) without first holding an evidentiary hearing. We disagree.

{¶8} In *Thompson v. Dodson-Thompson*, 8th Dist. Cuyahoga No. 90814, 2008-Ohio-4710, ¶ 10-13, the Eighth District Court of Appeals set forth the law relating to Civ.R. 60(B) motions, stating:

Under Civ.R. 60(B), the court has the authority to vacate a final judgment due to: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken." Civ.R. 60(B).

To prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. Inc.,* 47 Ohio St.2d at paragraph two of the syllabus. If a movant fails to satisfy any one of these requirements, the trial court should deny a Civ.R. 60(B) motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988); *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351 (1983).

These requirements must be shown by "operative facts" which demonstrate the movant's entitlement to relief. *Rose Chevrolet* at 21; *see, also*, *Coleman v. Cleveland School Dist. Bd. of Edn.,* 8th Dist. Cuyahoga Nos. 84274 and 84505, 2004-Ohio-5854, ¶ 79; *Black v. Pheils,* 6th Dist. Wood No. WD-03-045, 2004-Ohio-4270. Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief. *Black* at ¶ 68, citing *Your Financial Community of Ohio, Inc. v. Emerick*, 123 Ohio App.3d 601, 607, (10th Dist.1997); *see, also*, *Kay v. Marc Glassman, Inc.,* 76 Ohio St.3d 18, 20 (1996). "Moreover, if the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the court may deny the motion without conducting a hearing." *Black* at ¶ 68; *McBroom v. McBroom,* 6th Dist. Lucas No. L-03-1027, 2003-Ohio-5198, ¶ 39.

The trial court has discretion in deciding a motion for relief from judgment under Civ.R. 60(B) and discretion in determining whether to hold an evidentiary hearing on a motion submitted. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987); *Laatsch v. Laatsch,* 6th Dist. Wood No. WD-05-101, 2006-Ohio-2923, ¶ 16. Therefore, its decision denying a Civ.R. 60(B) motion, without holding an evidentiary hearing, will not be disturbed on appeal absent an abuse of discretion. *Id.* An abuse of discretion is more than an error in judgment or a mistake of law; it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} Further, in *Thompson*, the Eighth District addressed a factually similar situation to the matter at hand. Mr. Thompson challenged the trial court's decision

denying his motion for relief from judgment without first holding a hearing. *Id.* at ¶ 1. He argued that "the terms of the separation agreement incorporated into the decree were unfair, unreasonable, and inconsistent," even though, after two days of negotiations, he agreed to "the division of marital property and spousal support." *Id.* at ¶ 1, 2. Mr. Thompson also claimed that he signed the separation agreement "under duress and extreme exasperation." *Id.* at ¶ 15. In determining that the appeal had "no merit," the Court stated that "[Mr. Thompson] failed to allege operative facts that justified relief under [Civ.R. 60(B)]", and his arguments "could have been raised on a direct appeal." *Id.* at ¶ 1, 15, 16. The Court reasoned that "a motion for relief from judgment cannot be used as a substitute for appeal, even when the Civ.R. 60(B) motion is filed within the period for a timely appeal." *Id.* at ¶ 16. *See also Fairbanks Capital Corp. v. Richards*, 8th Dist. Cuyahoga No. 86173, 2006-Ohio-102, ¶ 5; *Kelley v. Lane*, 103 Ohio St.3d 432, 2004-Ohio-5582, ¶ 3; and *Wilson v. Wilson*, 8th Dist. Cuyahoga No. 86817, 2006-Ohio-4261, ¶ 21.

{¶10} Here, although Wife's motion for relief from judgment indicates that "the social security benefit off-set was inadvertently omitted from the [SPSA]," and "[t]he omission * * * was a mutual mistake by both counsel," Wife did not specifically identify the subsection of Civ.R. 60(B) from which she sought relief. However, in its judgment entry, the trial court analyzed Wife's claim pursuant to Civ.R. 60(B)(1), which allows for the vacation of a final judgment due to "mistake, inadvertence, surprise or excusable neglect." *See* Civ.R. 60(B)(1).

{¶11} Additionally, Wife's affidavit fails to allege operative facts that demonstrate a mutual mistake as to the voluntary signing of the SPSA by both parties, and, that pursuant to *Berlovan*, 2015-Ohio-1245, at ¶ 6, Wife signed the SPSA unwillingly or under duress. In her affidavit, Wife averred that "there is not an equal allocation of retirement benefits" because (1) she was responsible for the care and feeding of the parties' three minor children during the three-day period of time that the SPSA negotiations took place, (2) numerous drafts of the SPSA circulated before the final document was signed, and (3) the negotiations were "geared" toward an equal division of marital property. However, these averments do not support Wife's contention that a mutual mistake occurred in the signing of the SPSA, or that either party *intended* for an alternate division of the marital property. Also, Wife fails to include any operative facts as to her *Berlovan* argument that she acted unwillingly or under duress. Finally, Wife's affidavit completely fails to address the alleged issue regarding the 2014 tax dependency exemption.

{¶12} In its opinion, the trial court suggests that a one-week period of time between the signing of the SPSA and the final hearing provided ample opportunity for both parties to thoroughly review the SPSA and voice their concerns, if any, regarding the division of property. We agree. Instead of addressing any alleged issues at the time of the final divorce hearing, Wife waited approximately two months to file a motion for relief from judgment. Further, and more importantly, Wife did not file a direct appeal

regarding the alleged inequitable division of the parties' marital property.  *See Wilson*, 2006-Ohio-4261, at ¶ 21-22, stating:

The Ohio Supreme Court has held that a "Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998)[.] * * *

Although we recognize that Wife filed her Civ.R. 60(B) motion prior to the expiration of the time allowed for filing an appeal, she failed to file a direct appeal to preserve her right to challenge the merits of the underlying judgment. Civ.R. 60(B) explicitly provides that the filing of a motion under this subdivision does not affect the finality of a judgment or suspend its operation. Therefore, if Wife wished to challenge the overall judgment, she was required to file a timely direct appeal. Because she did not do so, we cannot address the merits of her argument that the final divorce decree contains an inequitable division of marital assets.

**{¶13}** Therefore, because (1) Wife could have raised her arguments on direct appeal, and (2) Wife failed to allege operative facts justifying relief under Civ.R. 60(B)(1), or any of the grounds set forth in Civ.R. 60(B)(1)-(5), the trial court did not abuse its discretion in denying Wife's motion for relief from judgment without holding a hearing.

**{¶14}** Wife's first and second assignments of error are overruled.

III

**{¶15}** Wife's assignments of error are overruled.   The judgment of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.



BETH WHITMORE, JUDGE

CARLA MOORE, P.J., and
JENNIFER HENSAL, J., CONCUR*

*(Whitmore, Moore and Hensal, Judges,
of the Ninth District, sitting by assignment
in the Eighth Appellate District.)