JOURNAL ENTRY and OPINION
{¶ 1} The sole issue in this appeal is whether the court abused its discretion by denying defendant Leroy Richards' Civ.R. 60(B) motion for relief from judgment. We find that Richards improperly used a motion for relief from judgment as a substitute for an appeal, and therefore the court did not err by denying the motion.
 {¶ 2} Plaintiff Fairbanks Capital Corporation brought this action against Richards alleging that, as the assignee of a mortgage held by the buyer of certain real property conveyed by Richards, it suffered damages when Richards reconveyed that same real property to another party. It appears that Richards learned that the deed to the original conveyance had not been filed and thus took the opportunity to re-convey the real property to another person. Fairbanks filed a motion for summary judgment on grounds that Richards, as a licensed realtor and appraiser, fraudulently took advantage of the failure to record the deed in the first transaction to personally benefit by a second conveyance. The court granted the motion for summary judgment as unopposed after denying Richards' request for additional time in which to respond. The court then denied Fairbanks' motion for summary judgment on the issue of punitive damages. Richards did not appeal from this judgment, which constituted a final, appealable order under Civ.R. 54(B). Instead, Richards then filed a motion for relief from judgment pursuant to Civ.R. 60(B). The court denied the motion and this appeal followed.
 {¶ 3} To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automated Elec., Inc. v. ARC Indus.,Inc. (1976), 47 Ohio St.2d 146, 151, 351 N.E.2d 113; see, also, Civ.R. 60(B). "The decision whether to grant a Civ.R. 60(B) motion rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of abuse of discretion." Roberson v. B. Hunt Transp., Inc., Cuyahoga App. No. 81777, 2003-Ohio-1738, at ¶ 16, citing, Griffey v.Rajan (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. An abuse of discretion is more than a "mere error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." Roberson at ¶ 16, citing,Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 4} Richards did not assert any viable grounds for the motion. He asserted mistake under Civ.R. 60(B)(1) in that summary judgment had been granted; surprise under Civ.R. 60(N)(1) in that the court denied his motion for an extension of time in which to respond to Fairbanks' motion for summary judgment; mistake under Civ.R. 60(B)(1) in that Fairbanks failed to join a necessary party; and the catch-all provision of Civ.R. 60(B)(5) to the effect that the "ends of justice" had not been served.
 {¶ 5} All of these "grounds" could have been raised on direct appeal from the summary judgment because they raised matters that were directly involved in the summary judgment. Rather than file a direct appeal, Richards used Civ.R. 60(B) as a substitute for appeal. "A motion for relief from judgment cannot be used as a substitute for a timely appeal." Kelley v. Lane,103 Ohio St.3d 432, 2004-Ohio-5582, at ¶ 3. We therefore find that the court did not abuse its discretion by denying Richards' motion for relief from judgment.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Blackmon, J., concur.