JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Michelle H. Wilson ("Wife"), appeals the trial court's decision denying her Civ.R. 60(B) motion for relief from judgment. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2004, plaintiff-appellee, Samuel Wilson ("Husband"), filed for divorce against Wife. The final divorce hearing was scheduled for August 19, 2004, the same day Wife's petition for a domestic violence civil protection order ("protection order") was to be heard. Neither Wife nor her counsel appeared for either hearing, and the court granted the parties a divorce.
 {¶ 3} Wife filed a Civ.R. 60(B) motion for relief from judgment, arguing that she received no notice of the final divorce hearing and that the judgment of divorce was grossly unfair. Wife's motion was considered by a magistrate, who recommended denying her motion without an evidentiary hearing. Wife timely objected, but the trial court adopted the magistrate's decision and overruled Wife's objections.
 {¶ 4} Wife appeals the denial of her Civ.R. 60(B) motion, raising six assignments of error, which will be addressed together and out of order where appropriate.
Denial of Civ.R. 60(B) Motion for Relief from Judgment
 {¶ 5} In her second, third, and fourth assignments of error, Wife argues that the trial court erred in denying her Civ.R. 60(B) motion for relief from judgment because she lacked the opportunity to present evidence at the final divorce hearing; the trial court was prejudiced and biased against her; fraudulent misrepresentations were made; Civ.R. 75(L) was not complied with; she has a meritorious defense; and the judgment entry of divorce was unfair and improper.
 {¶ 6} The decision whether to grant a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.
 {¶ 7} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: 1) she has a meritorious claim or defense; 2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any of these three requirements are not met, the motion should be overruled. Svoboda v. Brunswick
(1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648.
 {¶ 8} Civ.R. 60(B) provides that a court may relieve a party from a judgment, order, or proceeding for the following reasons:
" * * * (1) mistake, inadvertence, surprise or excusableneglect; (2) newly discovered evidence * * *; (3) fraud * * *,misrepresentation or other misconduct of an adverse party; (4)the judgment has been satisfied, released or discharged * * *; or(5) any other reason justifying relief from the judgment."
 {¶ 9} Because we find that Wife cannot satisfy the second prong of the GTE test, it will be addressed first. The second requirement of GTE mandates that the movant demonstrate that she is entitled to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5). Although Wife has failed to identify the reason which would entitle her to relief from judgment, we find that the only possible reasons would be pursuant to Civ.R. 60(B)(1) or (5).
 {¶ 10} Subsection (1) allows for relief based on mistake, inadvertence, surprise, or excusable neglect. Subsection (5) is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial." Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66, 448 N.E.2d 1365.
 {¶ 11} In her motion, Wife argues that she was entitled to relief from judgment because she did not receive notice of the final divorce hearing. According to Wife, the court failed to send her notice pursuant to Civ.R. 75(L). She claims that because notice was sent prior to her new counsel's appearance in the case, the court was required to send Wife notice. She further claims that she had a reasonable belief that the final divorce hearing was cancelled as the docket reflected. Her arguments are without merit.
 {¶ 12} Civ.R. 75(L) requires that the court give a pro se party notice of the final trial by regular mail at the party's last known address at least seven days prior to the commencement of trial. The docket reflects that Wife had, at the very least, constructive notice of the final divorce hearing.
 {¶ 13} The docket reflects that on June 9, 2004, while Wife was still represented by attorney Scott Maybaum, a final pretrial was scheduled for August 19, 2004 at 9:00 a.m. Therefore, Wife knew that a hearing pertaining to her divorce would occur on that date. However, Wife bases her lack of notice argument on a subsequent docket entry allegedly cancelling this hearing.
 {¶ 14} The docket reflects two entries on July 8. The first entry states: "HEARING SET FOR 08/19/2004 AT 09:00 IN ROOM 308 BEFORE MAGISTRATE DIANE M. PALOS HAS BEEN CANCELLED." The next entry provides "CONTESTED TRIAL SET FOR 08/19/2004 AT 09:00 IN ROOM 308 BEFORE MAGISTRATE DIANE M. PALOS." There is no evidence in the record or on the docket that notice of the change of the title of the proceeding was sent to either party. However, because a final pretrial was previously scheduled for that same date, all parties were on notice that a court proceeding would be held.
 {¶ 15} Moreover, five days after these dual docket entries, Attorney Phillis Brooks entered an appearance on behalf of Wife. On August 12, Wife, on her own behalf and without counsel, filed a petition for a domestic violence civil protection order. The petition was also set for hearing on August 19, one hour after the time scheduled for the contested trial.
 {¶ 16} On August 19, 2004, Wife and her counsel failed to appear at the final divorce hearing and at the protection order hearing set for the same day. Wife admits she knew about the protection order hearing as evidenced by her affidavit attached to her Civ.R. 60(B) motion wherein she states: "* * * she and her attorney checked the court docket, the docket indicated that the August 19, 2004 hearing date before Magistrate Palos was cancelled and the only hearing set that day was in regards to a Domestic Violence hearing scheduled before Magistrate Loeb at 10:00 a.m."
 {¶ 17} A review of the docket clearly shows that two hearings were scheduled for August 19, 2004 — one at 9:00 a.m. and one at 10:00 a.m. Because Wife was aware of the latter hearing, she should have known about the former hearing or at least realized the need to contact the court to resolve any confusion. Nevertheless, neither Wife nor her counsel attended either hearing. The magistrate's decision reflects that the trial court waited until 10:00 when Wife failed to appear at the 9:00 hearing. When Wife failed to appear at the 10:00 protection order hearing, the court granted the parties a divorce. Therefore, even assuming arguendo that Wife did not have notice of the final divorce hearing or truly believed it was cancelled, she should have appeared at the protection order hearing to determine her own petition.
 {¶ 18} Therefore, we find that Wife had at the very least constructive notice of the final hearing. An entry of the date of trial on the court's docket constitutes reasonable, constructive notice of a trial date. Ohio Valley Radiology Associates, Inc.v. Ohio Valley Hospital (1986), 28 Ohio St.3d 118, 124,502 N.E.2d 599. Wife is unable to demonstrate a reason pursuant to Civ.R. 60(B)(1) through (5) which would entitle her to relief from the judgment because her arguments do not amount to mistake, surprise, inadvertence, or excusable neglect. Moreover, Wife has not demonstrated substantial grounds entitling her to relief under subsection (5).
 {¶ 19} Accordingly, her second, third, and fourth assignments of error are overruled.
 Equitable Division of Assets {¶ 20} In her first assignment of error, Wife argues that the court abused its discretion in failing to make an equitable division of the marital assets when it awarded Husband 100 percent of the assets, and did not take into account any liabilities.
 {¶ 21} The Ohio Supreme Court has held that a "Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." Key v.Mitchell (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548. See, also, Tihansky v. Weston, Hurd, Fallon, Paisley Howley,L.L.P., Cuyahoga App. No. 86536, 2006-Ohio-1359; Vidovic v.Vidovic, Cuyahoga App. No. 81647, 2003-Ohio-1842.
 {¶ 22} Although we recognize that Wife filed her Civ.R. 60(B) motion prior to the expiration of the time allowed for filing an appeal, she failed to file a direct appeal to preserve her right to challenge the merits of the underlying judgment. Civ.R. 60(B) explicitly provides that the filing of a motion under this subdivision does not affect the finality of a judgment or suspend its operation. Therefore, if Wife wished to challenge the overall judgment, she was required to file a timely direct appeal. Because she did not do so, we cannot address the merits of her argument that the final divorce decree contains an inequitable division of marital assets.
 {¶ 23} Accordingly, her first assignment of error is overruled.
 Violation of her Constitutional Rights {¶ 24} In her fifth and sixth assignments of error, Wife argues that her constitutional rights were violated. She claims that her Eighth Amendment rights were violated because ordering her to repay money spent during the marriage constitutes cruel and unusual punishment. She further claims that her First Amendment rights were violated because the trial court instituted a "gag order" which prohibited her from discussing the matter, her Sixth Amendment rights were violated because she was unable to confront witnesses at the final divorce hearing, and her Eleventh Amendment rights were also violated because Husband called an illegal immigrant as a witness.
 {¶ 25} These arguments were not raised in her objections to the magistrate's decision. Civ.R. 53 imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. Howard v. Norman's Auto Sales, Franklin App. No. 02AP-1001, 2003-Ohio-2834. Further, Civ.R. 53(E)(3)(d) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law [by the magistrate] unless the party has objected to that finding or conclusion of law * * *."
 {¶ 26} An appellate court need not consider an error that could have been objected to, but was not brought to the attention of the trial court. Burns v. May (1999), 133 Ohio App.3d 351,358, 728 N.E.2d 19. Because Wife failed to raise these issues before the trial court, she has waived her right to raise them on appeal.
 {¶ 27} Accordingly, her fifth and sixth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. and Gallagher, J. concur.