JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Barbara Blatt, appeals the judgment of the Cuyahoga County Court of Common Pleas, denying her motion for relief from judgment in favor of defendant-appellee, Meridia Health System a.k.a. Meridia Hillcrest Hospital ("hospital"). Finding no merit to the appeal, we affirm.
 {¶ 2} In January 2006, Blatt commenced the underlying negligence action against the hospital, alleging that she sustained permanent injuries to her left knee and back when she slipped and fell while walking in the hospital's hallway.[1] Blatt claimed that she fell due to the negligent manner in which the hospital maintained its premises and that the hospital failed to warn her of the dangerous condition. *Page 3 
 {¶ 3} On August 25, 2006, the hospital moved for summary judgment, arguing that Blatt failed to set forth any evidence that it had notice of the alleged hazard, and therefore, it was entitled to judgment as a matter of law. Blatt never opposed the motion. On October 2, 2006, the trial court granted the hospital's unopposed motion for summary judgment, disposing of the entire case. Blatt did not file an appeal from this final judgment; instead, eight days later, she moved the court for relief from judgment under Civ.R. 60(B)(1).
 {¶ 4} Although Blatt titled her motion as one for relief from judgment under Civ. R. 60(B)(1), the motion solely addressed the merits of the underlying motion for summary judgment. Blatt failed to apply the Civ.R. 60(B) standard, let alone address any of the specified reasons under Civ.R. 60(B) as to why she was entitled to relief from judgment. Instead, Blatt argued that the trial court erred in granting summary judgment because the hospital failed to meet its burden of establishing that Blatt could not prove that it had breached a duty and because the trial court essentially granted a "default" summary judgment merely on the basis that the motion was unopposed. On October 24, the trial court, without holding a hearing, denied Blatt's motion for relief from judgment.
 {¶ 5} From this order, Blatt appeals, raising one assignment of error: "The trial court abused its discretion by refusing to acknowledge that under the circumstances of this case, appellant had no burden to oppose the appellee's motion for summary judgment." *Page 4 
 {¶ 6} The trial court has discretion in deciding a motion for relief from judgment under Civ.R. 60(B); therefore, its decision will not be disturbed on appeal absent an abuse of discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. An abuse of discretion is more than an error in judgment or a mistake of law; it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} To prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric, Inc., v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus. If a movant fails to satisfy any one of these requirements, the trial court should deny a Civ.R. 60(B) motion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20; Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351.
 {¶ 8} Blatt argues that the trial court abused its discretion by not holding a hearing on her motion for relief from judgment because she identified two grounds for defeating summary judgment: (1) the hospital failed to establish that she could not prove notice, and (2) the mere fact that the hospital's motion was unopposed *Page 5 
does not support the grant of summary judgment. Blatt contends that these grounds, coupled with the hospital's failure to produce any "proper evidence," required the court to deny the hospital's motion for summary judgment. She essentially argues that a hearing was required, and the trial court should have granted her Civ.R. 60(B) motion because the trial court made a "mistake" in granting the unopposed motion for summary judgment. These arguments lack merit.
 {¶ 9} First, when a motion for relief from judgment lacks allegations of operative facts justifying relief from judgment, an evidentiary hearing is not required. Coleman v. Cleveland School Dist Bd. ofEdn., 8th Dist. Nos. 84274 and 84505, 2004-Ohio-5854, at _79, citingWeiss, Inc., v. Pascal, 8th Dist. No. 82565, 2003-Ohio-5824. Here, Blatt alleged no facts that fall within the Civ.R. 60(B)(1)-(5) grounds justifying relief.
 {¶ 10} Civil Rule 60(B)(1) states that a party may be relieved from judgment due to "mistake, inadvertence, surprise or excusable neglect[.]" To the extent that Blatt alleged that the trial court made a "mistake" in granting summary judgment, this is not the type of "mistake" contemplated under Civ.R. 60(B)(1): "a motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision * * *." Henderson v.Rosewicz, 8th Dist. No. 80038, 2002-Ohio-1266, citing Doe v. TrumbullCty. Children Services Bd. (1986), 28 Ohio St.3d 128, 131; see, also,Vidovic v. Vidovic, 8th Dist. No. 81647, 2003-Ohio-1842 ("Civ.R. 60(B) is not a viable means to attack legal errors made by *Page 6 
a trial court"); Gold Touch, Inc. v. TJS Lab., Inc. (1998),130 Ohio App.3d 106, 110-111 (failure to consider a brief is not the type of mistake contemplated by Civ.R. 60(B)); Argen v. Union Savings Assn.
(June 3, 1982), 8th Dist. No. 43887, 1982 Ohio App. LEXIS 12117 (Civ.R. 60(B) motion is not the proper vehicle for challenging trial court's grant of summary judgment on the basis that genuine issues of material fact exist). Rather, the rule is intended to address the mistake or inadvertence of parties or their agents. See Hankinson v.Hankinson, 7th Dist. No. 03MA7, 2004-Ohio-2480, at ¶ 20, citing May v.Dept. of Hwy. Safety (June 13, 1995), 10th Dist. No. 94API12-1743, 1995 Ohio App. LEXIS 2470.
 {¶ 11} Second, Blatt's arguments challenging the trial court's grant of summary judgment should have been raised on direct appeal. SeeFairbanks Capital Corp. v. Richards, 8th Dist. No. 86173, 2006-Ohio-102, at _5, citing Kelley v. Lane, 103 Ohio St.3d 432, 2004-Ohio-5582, at ¶ 3. It is well-settled that a motion for relief from judgment cannot be used as a substitute for appeal, even when the Civ.R. 60(B) motion is filed within the period for a timely appeal. Id.; Wilson v. Wilson, 8th Dist. No. 86817, 2006-Ohio-4261, at _22; Smith v. Bd. of Health (June 28, 1993), 4th Dist. No. 92CA-2095, 1993 Ohio App. LEXIS 3467. Here, rather than filing a direct appeal from the trial court's final judgment granting summary judgment, Blatt erroneously seeks review of the trial court's judgment through her Civ.R. 60(B) *Page 7 
motion, which does not allow for such relief. Doe, 28 Ohio St.3d at 131;Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686.
 {¶ 12} Thus, because Blatt's motion for relief from judgment solely challenged the trial court's reasoning and alleged legal errors-issues which should have been raised on a direct appeal-and because it failed to satisfy any of the grounds for relief under Civ.R. 60(B)(1)-(5), we cannot say that the trial court abused its discretion in denying the motion.
 {¶ 13} Accordingly, Blatt's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] This action was originally filed in February 2004 but later dismissed without prejudice. Blatt's refiled complaint also named the Cleveland Clinic Foundation as a defendant but she voluntarily dismissed the Clinic on September 21, 2006. *Page 1