[Cite as *In re Yeckley*, 2012-Ohio-2504.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97426

---

# IN RE: ESTATE OF LENA M. YECKLEY
# [APPEAL BY DENNIS YECKLEY]

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Probate Court Division
Case No. 10 EST 0164293

**BEFORE:**    E. Gallagher, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    June 7, 2012

**FOR APPELLANT**

Dennis Yeckley, pro se
271 East 270th Street
Euclid, Ohio    44132


**ATTORNEYS FOR APPELLEES**

**For Thomas D. Yeckley**

James W. Tekavec
38106 Third Street
Willoughby, Ohio   44094

Edwin V. Hargate
18519 Underwood Avenue
Cleveland, Ohio   44119

**For Linda L. Scott**

Allen C. Hufford
22408 Lake Shore Blvd.
Euclid, Ohio    44123

EILEEN A. GALLAGHER, J.:

{¶1} Appellant, Dennis G. Yeckley, appeals the trial court's judgment entry denying and dismissing appellant's objections to a magistrate's decision and ordering the lost will of decedent Lena M. Yeckley to be admitted to probate. For the following reasons, we affirm the decision of the trial court.

{¶2} Lena M. Yeckley passed away on April 13, 2006. An application for authority to administer estate was filed with the Court of Common Pleas, Cuyahoga County, Probate Court Division, on December 20, 2010, by Linda L. Scott, daughter of Lena Yeckley. A last will and testament of Lena Yeckley, dated May 11, 2001, was admitted to probate on that date.

{¶3} On May 25, 2011, Thomas Yeckley, son of Lena Yeckley, filed an application to probate a lost or spoliated will, attaching a last will and testament of Lena Yeckley that was signed and dated March 24, 2003. A hearing on that application was conducted on July 12, 2011, before a magistrate wherein appellant, also a son of Lena Yeckley, opposed the application of Thomas Yeckley. The magistrate's decision issued on July 28, 2011 recommended that the prior will that was admitted to probate on December 20, 2010 be vacated and set aside and that Thomas Yeckley's application and the lost will, dated March 24, 2003, be admitted to probate.

{¶4} Appellant filed objections to the magistrate's decision on August 8, 2011, wherein he objected to the trial court's failure to provide a court reporter to record the magistrate's hearing and the testimony of certain witnesses at the hearing. Appellant

attached to his objections an affidavit asserting that he had requested a court reporter but was "denied." The trial court denied and dismissed appellant's objections and adopted the magistrate's decision as an order of the court on September 21, 2011.

{¶5} Appellant appeals from the trial court's order asserting the following sole assignment of error:

{¶6} "[Trial] court abused its discretion by compelling and denying Dennis G. Yeckley appellant to proceed at hearing without court reporter, continuance, and witnesses."

{¶7} Appellant argues that the trial court erred in overruling his objections because the magistrate conducted the hearing without a court reporter, that the magistrate failed to construe his objection to the absence of a court reporter as a motion for a continuance of the hearing and that he "had no opportunity to present any evidence or testimony before the magistrate made his decision."

{¶8} A trial court's ruling on objections to a magistrate's decision will not be reversed absent an abuse of discretion. *Gobel v. Rivers*, 8th Dist. No. 94148, 2010-Ohio-4493, ¶ 16. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable, not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140, (1983).

{¶9} As an initial matter, we note that there is no evidence in the record to support appellant's contention that he was denied an opportunity to present evidence at the magistrate's hearing. In fact, appellant's own affidavit that was attached to his

objections to the magistrate decision states that he presented testimony, under oath, at the hearing. The trial court's approved statement of facts, set forth pursuant to App.R. 9(C), confirms that appellant testified at the magistrate's hearing and had the opportunity to cross-examine each witness. Appellant's argument that he was not provided an opportunity to present evidence is directly refuted by the record and without merit.

{¶10} With respect to appellant's contention that the magistrate erred in conducting the hearing without a court reporter present, Civ.R. 53(D)(7) states, "[e]xcept as otherwise provided by law, all proceedings before a magistrate shall be recorded in accordance with procedures established by the court."

{¶11} Loc.R. 11.1 of the Probate Division, at the time the hearing was conducted,[1] provided:

> Proceedings before a judge, magistrate, or referee may be recorded by stenographic means or other electronic means approved by the Court, provided that any party or counsel requesting such recording shall make satisfactory arrangements for payment of the costs.

{¶12} The magistrate's decision specifically notes, "[n]o transcript of the hearing was taken. The parties waived the appearance of a court reporter." Appellant asserted in his affidavit that was attached to his objections that he "requested a [c]ourt [r]eporter but was denied * * *." In denying appellant's objections to the magistrate's decision the trial court noted that, pursuant to Loc.R. 11.1, the responsibility for

---

[1]The rule was extensively amended on September 12, 2011.

arranging for a court reporter falls upon the requesting party. The trial court noted that appellant did not assert in his affidavit that he had made such arrangements or that he requested a continuance of the hearing in order to do so. Furthermore, the trial court's App.R. 9(C) approved statement of facts notes that none of the parties arranged for a court reporter as required by local rule for the magistrate hearing. Based upon the above record, we cannot say that the trial court abused its discretion in overruling appellant's objection to the magistrate conducting the hearing without a court reporter present.

{¶13} Finally, appellant argues that the magistrate should have construed his objection to the lack of a court reporter as a motion for a continuance. Appellant failed to raise this argument before the trial court in his objections to the magistrate's decision. *Wilson v. Wilson*, 8th Dist. No. 86817, 2006-Ohio-4261, ¶ 25, citing *Howard v. Norman's Auto Sales*, 10th Dist. No. 02AP-1001, 2003-Ohio-2834. Civ.R. 53(D)(3)(b)(iv) provides that "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion [by the magistrate] * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶14} An appellate court need not consider an error to which a party could have objected, but was not brought to the attention of the trial court. *Wilson v. Wilson*, 8th Dist. No. 86817, 2006-Ohio-4261, ¶ 26, citing *Burns v. May*, 133 Ohio App.3d 351, 358, 728 N.E.2d 19 (12th Dist.1999).

{¶15} Furthermore, we note that appellant's position is expressly contradicted by the magistrate's opinion that stated that the parties waived the appearance of a court

reporter. Although appellant stated in his affidavit that he requested but was denied a court reporter, he did not challenge or dispute the magistrate's statement that, in proceeding with the hearing, the parties waived the appearance of a court reporter. It is impossible to reconcile appellant's argument that the magistrate should have construed his objection as a motion for a continuance of the hearing with such a waiver.

{¶16} Appellant's assignment of error is overruled.

{¶17} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
KENNETH A. ROCCO, J., CONCUR