[Cite as *GMAC Mtge., L.L.C. v. Coleff*, 2013-Ohio-2462.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98917

## GMAC MORTGAGE, L.L.C.

PLAINTIFF-APPELLEE

vs.

## CALEY COLEFF, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-767202

**BEFORE:**   Boyle, P.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**   June 13, 2013

**ATTORNEY FOR APPELLANT**

Grace Doberdruk
Doberdruk & Harshman
4600 Prospect Avenue
Cleveland, Ohio    44103

**ATTORNEYS FOR APPELLEES**

**For GMAC Mortgage, L.L.C.**

Wayne E. Ulbrich
120 E. Fourth Street, 8th Floor
Cincinnati, Ohio    45202

Karen M. Cadieux
Joel E. Sechler
David A. Wallace
Carpenter Lipps & Leland L.L.P.
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio    43215

**For Pembrooke Place, etc., et al.**

Joseph J. Straka
Morscher Straka, L.L.C.
11711 Lorain Avenue
The Brighton Building, Suite 56
Cleveland, Ohio    44111

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Caley Coleff, appeals from the trial court's judgment denying her Civ.R. 60(B) motion without a hearing. She raises one assignment of error for our review:

It was an abuse of discretion for the trial court to deny appellants' [Civ.R.] 60(B) motion to vacate without holding a hearing.

{¶2} Finding no merit to her appeal, we affirm.

Procedural History and Factual Background

{¶3} Plaintiff-appellee, GMAC Mortgage, L.L.C. ("GMAC"), filed a complaint in foreclosure and reformation of mortgage and deed against Coleff[1] in October 2011, alleging that it was the holder of a note, loan modification agreement, and mortgage on Coleff's property. It further alleged that the note was in default and that Coleff owed $143,258 on the note, plus interest and costs. GMAC sought judgment on the note, foreclosure on the property, and reformation of the mortgage and deed to reflect the proper legal description of the property.

{¶4} GMAC properly served Coleff, but she did not answer or otherwise appear to defend the case.

{¶5} GMAC filed a preliminary judicial report and subsequently moved for default judgment. Despite receiving notice of the hearing, Coleff failed to appear for it.

---

[1]GMAC also included several other defendants in its complaint. The trial court issued the judgment against Caley Coleff and John Coleff. But Caley Coleff is the only defendant who filed a motion to vacate in this case and the only defendant to appeal the trial court's denial of her motion.

{¶6} On April 6, 2012, the trial court entered default judgment in favor of GMAC and issued a judgment decree in foreclosure. An order of sale was issued on May 5, 2012, and the sheriff's sale was set for June 18, 2012. Four days before the sheriff's sale, Coleff moved to vacate the judgment decree in foreclosure pursuant to Civ.R. 60(B). Coleff further moved to stay the sheriff's sale. The trial court did not stay the sale, and the property was sold on June 18, 2012. The sale was subsequently confirmed on August 10, 2012. The trial court denied Coleff's motion to vacate on August 10, 2012, and denied the stay as moot. It is from this judgment that Coleff appeals.

### Civ.R. 60(B) and Standard of Review

{¶7} Under Civ.R. 60(B), the court has the authority to vacate a final judgment due to:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶8} To prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the

grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If a movant fails to satisfy any one of these requirements, the trial court should deny a Civ.R. 60(B) motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983).

{¶9} These requirements must be shown by "operative facts" that demonstrate the movant's entitlement to relief. *Rose Chevrolet* at 21; *see also Coleman v. Cleveland School Dist. Bd. of Edn.*, 8th Dist. Nos. 84274 and 84505, 2004-Ohio-5854, ¶ 79; *Black v. Pheils*, 6th Dist. No. WD-03-045, 2004-Ohio-4270. Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief. *Black* at ¶ 8, citing *Your Fin. Community of Ohio, Inc. v. Emerick*, 123 Ohio App.3d 601, 607, 704 N.E.2d 1265 (10th Dist.1997); *see also Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). "Moreover, if the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the court may deny the motion without conducting a hearing." *Black* at ¶ 68; *McBroom v. McBroom*, 6th Dist. No. L-03-1027, 2003-Ohio-5198, ¶ 39.

{¶10} The trial court has discretion in deciding a motion for relief from judgment under Civ.R. 60(B) and discretion in determining whether to hold an evidentiary hearing

on a motion submitted. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987); *Laatsch v. Laatsch*, 6th Dist. No. WD-05-101, 2006-Ohio-2923, ¶ 16. Therefore, the trial court's decision denying a Civ.R. 60(B) motion, without holding an evidentiary hearing, will not be disturbed on appeal absent an abuse of discretion. *Id.*

{¶11} The Ohio Supreme Court explained the meaning of "abuse of discretion" in *AAAA Ents., Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990):

> "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

> A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

## Analysis

{¶12} In her motion to vacate the trial court's judgment, Coleff alleged that she had a meritorious defense to GMAC's complaint because (1) GMAC failed to "comply with a condition precedent to foreclosure" because it did not comply "with the face-to-face meeting requirement for FHA notes and mortgages," (2) there was an issue as to whether GMAC was the holder of her note, and (3) her "note was not a negotiable instrument because it was not for a fixed amount since the note required her to look at the mortgage to determine how much to pay each month."

{¶13} Coleff's arguments that GMAC failed to hold a face-to-face meeting and that her note was not a negotiable instrument could have been raised in a direct appeal.[2] *See Fairbanks Capital Corp. v. Richards*, 8th Dist. No. 86173, 2006-Ohio-102, ¶ 5, citing *Kelley v. Lane*, 103 Ohio St.3d 432, 2004-Ohio-5582, 816 N.E.2d 599, ¶ 3; *see also Wilson v. Wilson*, 8th Dist. No. 86817, 2006-Ohio-4261 (wife precluded from challenging the division of marital property on appeal from denial of Civ.R. 60(B) motion when she failed to challenge the underlying judgment in direct appeal). It is well settled that a motion for relief from judgment cannot be used as a substitute for appeal, even when the Civ.R. 60(B) motion is filed within the period for a timely appeal. *Lane* at ¶ 3; *Wilson* at ¶ 22; *see also Smith v. Bd. of Health*, 4th Dist. No. 92CA-2095, 1993 Ohio App. LEXIS 3467 (June 28, 1993). Rather than filing a direct appeal from the trial court's final judgment decree of foreclosure, Coleff erroneously seeks review of the trial court's judgment through her Civ.R. 60(B) motion, which does not allow for such relief. *Doe v. Trumbull Cty. Children Servs. Bd.*, 28 Ohio St.3d 128, 131, 502 N.E.2d 605 (1986); *Blasco v. Mislik*, 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982).

[2]At oral argument, Coleff asserted that this case is analogous to *BAC Home Loans Serv. L.P. v. Taylor*, 9th Dist. No. 26423, 2013-Ohio-355. We disagree. In *Taylor*, the court held that the trial court erred by granting summary judgment to BAC Home Loans because there was no evidence in the record that it complied with the HUD requirement that it hold a face-to-face meeting with the homeowner before initiating the foreclosure action. In *Taylor*, however, the homeowner raised the issue in a direct appeal, not a Civ.R. 60(B) motion. In *Taylor*, the court stated, "a homeowner may use a servicer's failure to comply with [HUD regulations] to defend a foreclosure action." *Id.* at ¶ 14. As we stated, Coleff should have raised this issue below to defend the foreclosure action, or at a minimum, she should have raised it in a direct appeal.

**{¶14}** Regarding Coleff's remaining argument that GMAC lacked standing to bring the foreclosure action, this court recently stated:

> [I]n *Fed. Home Loan Mtge. Corp. v. Schwartzwald,*134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the Ohio Supreme Court held that standing in a foreclosure action is a "jurisdictional requirement" and that "standing to sue is required to invoke the jurisdiction of the common pleas court." *Id.* at ¶ 22, 24. Furthermore, quoting *New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216, 218, 513 N.E.2d 302 (1987), the Supreme Court stated, "'the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings.'" Accordingly, although [the appellant] did not raise a standing issue in his earlier appeals, because standing is jurisdictional and may be raised at any time, we address this assignment of error on its merits. *See BAC Home Loans Servicing L.P. v. Komorowski*, 8th Dist. No. 96631, 2012-Ohio-1341, ¶ 18 ("the issue of standing may be raised at any time during the pendency of the proceedings because it affects the court's jurisdiction."); *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11 ("[J]urisdiction goes to the power of the court to adjudicate the merits of a case; it can never be waived and may be challenged at any time.").

*Mulby v. Poptic*, 8th Dist. No. 98324, 2012-Ohio-5731, ¶ 10.[3]

**{¶15}** Here, however, there is no standing issue. GMAC established that at the time it filed the suit, it had standing to bring the foreclosure action. Coleff entered into the note with Stonewater Mortgage Corporation on May 14, 2009. GMAC attached the note to the complaint. There were several endorsements on the note, from Stonewater Mortgage Corporation to "AllyBank f/k/a GMAC Bank," then from "AllyBank f/k/a GMAC Bank" to GMAC Mortgage, L.L.C. GMAC also attached an "Assignment of

---

[3]The Ohio Supreme Court has certified a conflict between the Ninth and Tenth Districts on the following question: "When a defendant fails to appeal from a trial court's judgment in a foreclosure action, can a lack of standing be raised as part of a motion for relief from judgment?" *See Bank of Am. v. Kuchta*, Ohio Supreme Court No. 2013-0304, 2013-Ohio-1857.

Mortgage" to its complaint, showing that Stonewater Mortgage Corporation assigned the mortgage to GMAC Mortgage, L.L.C., on May 14, 2009. The assignment was recorded in Cuyahoga County on August 20, 2010. Further, GMAC filed valid affidavits with its default judgment motion to prove that it was the holder and assignee of the note.

{¶16} To the extent that Coleff argues GMAC committed fraud to establish standing because the documents and affidavits attached to its complaint in the present case differ from the ones GMAC attached to the complaint it filed against Coleff in a previous 2010 foreclosure case, we find this type of fraud is not the type of fraud contemplated by Civ.R. 60(B)(3). Coleff's argument should have been presented as a defense in the underlying foreclosure case, not in a Civ.R. 60(B) motion. *See Deutsche Bank Natl. Trust Co. v. Whiteman*, 10th Dist. No. 12AP-536, 2013-Ohio-1636.

{¶17} In *Whiteman*, the court explained:

[t]he fraud or misconduct contemplated by Civ.R. 60(B)(3) is fraud or misconduct on the part of the adverse party in obtaining the judgment by preventing the losing party from fully and fairly presenting his defense, not fraud or misconduct which in itself would have amounted to a claim or defense in the case.

*Id.* at ¶ 20, citing *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383. In upholding the trial court's denial of the defendant's Civ.R. 60(B)(3) motion, the court in *Whiteman* stated:

Whiteman essentially challenges the underlying default judgment and foreclosure based upon a claim that Deutsche falsely maintained that it was the owner and holder of the mortgage when it filed the foreclosure complaint. Whiteman does not claim that his failure to respond to the foreclosure complaint was the product of any fraud by Deutsche. Further, any irregularities in the assignment of mortgage could have been identified

and raised in a responsive pleading, and Whiteman cannot blame Deutsche for its inaction in failing to challenge its status as a real party in interest sooner. * * * Whiteman could have filed an appeal from the decree of foreclosure contesting Deutsche's standing instead of raising it in a belated Civ.R. 60(B) motion.

{¶18} This case is exactly on point with *Whiteman*. The type of fraud that Coleff is alleging — that GMAC somehow altered the original documents in this case to establish standing — did not prevent her from defending the case in any way. Rather, she is alleging the type of fraud or misconduct that would have allowed her to defend her case in the trial court had she chosen to appear and defend.

{¶19} Thus, the trial court did not abuse its discretion when it denied Coleff's Civ.R. 60(B) motion without a hearing because she did not present sufficient operative facts demonstrating that she was entitled to a hearing.

{¶20} Accordingly, Coleff's sole assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR