[Cite as *BAC Home Loans Servicing, L.P. v. Haas*, 2014-Ohio-438.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY


BAC HOME LOANS SERVICING,
L.P., fka COUNTRYWIDE HOME LOANS
SERVICING, L.P.,

                                                            CASE NO.  9-13-40

     PLAINTIFF-APPELLEE,

     v.

JENNIFER HAAS, ET AL.,               O P I N I O N

     DEFENDANTS-APPELLANTS.


Appeal from Marion County Common Pleas Court
Trial Court No. 10CV0795

Judgment Affirmed

Date of Decision:   February 10, 2014


APPEARANCES:

     *Daniel L. McGookey and Kathryn M. Eyster*  for Appellants

     *Eric T. Deighton*  for Appellee

**SHAW, J.**

{¶1} Defendants-appellants, Jennifer and Paul Haas (collectively referred to as the "Haases"), appeal the July 24, 2013 judgments of the Marion County Court of Common Pleas overruling their Civ.R. 60(B) motion for relief from judgment and overruling their motion to enforce settlement agreement with plaintiff-appellee, BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. ("BAC").

{¶2} On October 10, 2008, Jennifer Haas executed a promissory note in favor of Taylor, Bean & Whitaker Mortgage Corp. in the principal amount of $88,519.00, with interest of seven percent per annum. The note called for monthly payments for a period of 30 years. Jennifer and Paul executed a mortgage that secured the note and encumbered the property located at 150 S. Main Street in Prospect, Ohio.

{¶3} On September 23, 2010, the mortgage was assigned to BAC by Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for Taylor, Bean & Whitaker Mortgage Corp.

{¶4} On September 28, 2010, BAC filed a complaint in foreclosure against the Haases. In its complaint, BAC alleged it was the holder of the note secured by the mortgage on the Main Street property and that the note had been defaulted on in the amount of $87,300.72 together with interest and late fees from March 1,

2010. BAC further alleged it had a valid lien on the property and it sought to have the mortgage foreclosed, the property sold, and the proceeds distributed if the Haases failed to pay the amount in default. BAC attached copies of the note and mortgage as exhibits to its complaint.

{¶5} The Haases did not file an answer. However, on December 6, 2010, the Haases filed a "Request for Mediation," asking the trial court to allow them the opportunity to mediate with BAC, which the trial court approved.

{¶6} Between February 2011 and July 2011, the parties met numerous times to mediate the dispute. The record indicates that the mediation was continued several times due to the fact that the Haases failed to submit the appropriate financial documentation to BAC. (Doc. Nos. 18 and 19).

{¶7} On July 27, 2011, a "Memorandum of Understanding" was filed with the trial court indicating that a proposed resolution had been reached between the parties. This document reflected that a loan modification was discussed by the parties and that a "dismissal entry [would] be filed by 30 days from receipt of executed Loan Modification documents." (Doc. No. 20).

{¶8} No further documents were filed as part of the trial court's record until February 1, 2012 when BAC filed a motion for summary judgment. In its motion, BAC argued that it was the holder of the note and the mortgage, that the Haases remained in default of payment on the note, and that the note had been accelerated.

BAC asserted that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. BAC attached the affidavit of Lisa K. Townsend-Brown, a Vice President of Bank of America, N.A., and an information statement of the Haases account in support of its motion for summary judgment.[1]

{¶9} On February 17, 2012, the trial court issued an "Order to Respond," informing the parties that any responses to BAC's motion for summary judgment were to be filed within fourteen days of the trial court's order.

{¶10} On April 16, 2012, the trial court granted BAC's motion for summary judgment and noted that the Haases failed to file any response despite having ample opportunity to do so.

{¶11} On June 6, 2012, the trial court issued a judgment entry in foreclosure on the property and on June 19, 2012, the trial court issued a notice of a final appealable order. The trial court ordered the sale of the property to take place on August 17, 2012.

{¶12} On August 22, 2012, counsel for the Haases filed a "Notice of Filing Under the Bankruptcy Code and Suggestion of Stay," informing the trial court that the Haases had filed a petition for Chapter 7 Bankruptcy on August 16, 2012. The trial court subsequently cancelled the order of sale and stayed the court proceedings pursuant to the automatic bankruptcy stay.

---

[1] The record indicates that Bank of America was the "Successor by Merger" to BAC.

{¶13} On October 22, 2012, BAC was granted relief from the automatic stay by the bankruptcy court and the Chapter 7 Trustee was authorized and directed to "abandon" the Main Street property subject to this foreclosure proceeding. (Doc. No. 36, Ex. A).

{¶14} On December 21, 2012, BAC filed a notice of relief from the automatic bankruptcy stay.

{¶15} On January 14, 2013, the trial court issued an order of sale of the property to take place on March 6, 2013.

{¶16} On March 1, 2013, counsel for the Haases filed a motion to stay the sale and a Civ.R. 60(B) motion for relief from judgment. In their motion for relief from judgment, the Haases alleged that they complied with all the requirements set forth in the mediation agreement for a proposed loan modification but BAC failed to deliver the loan modification documents as promised. The Haases also asserted, for the first time in these proceeding, various defenses to BAC's complaint in foreclosure and motion for summary judgment. The Haases maintained that they were entitled to relief from judgment on the grounds of Civ.R. 60(B)(1), (3) and (5).[2]

---

[2] Civ.R. 60(B) states in relevant part:

**On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment.**

{¶17} In support of their Civ.R. 60(B) motion, the Haases attached the affidavit of Jennifer Haas, the July 19, 2011 memorandum of understanding demonstrating the parties' agreement to initiate the procedure for a proposed loan modification, and a series of email between the Haases, the mediator, and counsel for BAC regarding the Haases compliance with the mediation agreement.

{¶18} On March 18, 2013, the Haases filed a motion to enforce the settlement agreement, requesting the trial court to enforce the 2011 mediation agreement reached by the parties to enter into a loan modification.

{¶19} In the interim, the trial court granted the Haases' motion to stay the Sheriff's sale.

{¶20} On July 24, 2013, the trial court issued two judgment entries, one overruling the Haases' motion for relief from judgment and another overruling their motion to enforce the settlement agreement.

{¶21} The Haases now appeal, asserting the following assignment of error.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT, ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING, AND ERRED IN DENYING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT.**

{¶22} In their sole assignment of error, the Haases argue that the trial court erred: (1) when it overruled their Civ.R. 60(B) motion for relief from judgment in

which they asserted meritorious defenses; (2) when it overruled their Civ.R. 60(B) motion without first holding an evidentiary hearing; and (3) when it overruled their motion to enforce the mediation agreement to enter into an loan modification.

{¶23} At the outset, we note that in the judgment entries overruling both of the motions at issue, the trial court determined that the Haases' discharge in bankruptcy rendered any proposed agreement to modify the terms of the original note unenforceable. Specifically, the trial court stated the following with regard to the note.

> **11 U.S.C. 524(c) deals with the effect of a discharge in bankruptcy. 11 U.S.C. 524(c) gives very limited circumstances in which a debt that is dischargeable in bankruptcy remains enforceable. Among the conditions involved would be a reaffirmation agreement between the Defendants Haas and the Plaintiff in this Case.[3] Defendants Haas have brought no evidence that any such reaffirmation agreement has been rendered. As a result, regardless of whether [there] had been a settlement agreement between the Plaintiff and Defendants Haas prior to the bankruptcy, any such agreement would now be unenforceable due to the discharge in bankruptcy of Defendants Haas.**
>
> **The Court finds no grounds for relief may be granted on the basis of any claimed settlement agreement, absent any reaffirmation that had been approved by the bankruptcy court. Once the property has been released from the bankruptcy estate, either through granting a motion for relief from stay to a**

---

[3]  A reaffirmation agreement is a contract between a debtor and a creditor that permits a debtor who cannot immediately pay a debt to retain possession of the collateral and make less burdensome payments on that property.  *See In re Turner*, 156 F.3d 713 (C.A.7, 1998).  Essentially, a reaffirmation agreement is a new contract that renegotiates or reaffirms a debtor's personal liability on the original debt.  11 U.S.C. § 524(c).  A reaffirmation agreement is the only means by which a debtor's dischargeable personal liability on a debt may survive a Chapter 7 discharge.  *See Turner*, 156 F.3d at 718.

> **creditor, or through abandoning the property to the debtor during the pendency of the case or by a general order at the close of the case, 11 U.S.C. Section 554, a creditor is free to foreclose on any security interest in any property owned by the debtor that is subject to the security interest.** *First Federal Savings and Loan Assoc. v. McLoughlin*, **2d Dist. Clark No. 2889, \*2 (July 15, 1992).**

(Doc. No. 55 at 3-4). We concur with the reasoning of the trial court that any claims the Haases may have had regarding an agreement to enter into a loan modification were rendered moot once the Haases' personal liability on the note was discharged in bankruptcy without a reaffirmation agreement in place. Accordingly, we conclude that the trial court did not err in determining that the parties' agreement reached during mediation regarding a proposed loan modification was not enforceable after the Haases' received a discharge in bankruptcy and therefore we also find no error with the trial court's decision to overrule the Haases' motion to enforce the settlement agreement.

{¶24} Next, we turn to address the remaining grounds asserted by the Haases' as the basis for their Civ.R. 60(B) motion for relief from judgment. In order to prevail on a motion brought pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one

year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries*, Inc., 47 Ohio St.2d 146, paragraph two of the syllabus (1976). "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Bish Constr., Inc. v. Wickham*, 3d Dist. No. 13–12–16, 2013–Ohio–421, ¶ 15. "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). An abuse of discretion constitutes more than an error of judgment; rather, it implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶25} In the instant case, the Haases argue that they have meritorious claims to present if relief from judgment is granted. Specifically, the Haases claim that: (1) BAC failed to demonstrate that they are the real party in interest entitled to bring a foreclosure action on the note and mortgage; (2) BAC was not entitled to summary judgment because its affidavit filed in support of its motion was insufficient and BAC failed to meet certain conditions precedent entitling them to a judgment in foreclosure; and (3) granting BAC a judgment in foreclosure is not equitable under the circumstances of this case. We will address each of the Haases' claims in turn.

{¶26} First, the Haases argue that BAC did not have standing to bring this foreclosure action because it was not the holder of the note and the mortgage at the time this action was filed. In order to have standing, BAC was required to be either the holder of the note or to have been assigned the mortgage prior to the complaint being filed. *CitiMortgage v. Loncar*, 7th Dist. No. 11 MA174, 2013–Ohio–2959 (being the holder of the note only at the time the complaint was filed is sufficient to have standing); *CitiMortgage, Inc. v. Patterson*, 8th Dist. No. 98360, 2012–Ohio–5894 (assignment of the mortgage prior to the filing of the complaint was sufficient to establish standing). *See also Fed. Home Loan Mortgage Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012–Ohio–5017.

{¶27} The record reflects that BAC pled in its complaint that it was the holder in possession of the note and also attached to the complaint a copy of the note, which on its face was indorsed in blank. In addition, BAC included the affidavit of Lisa K. Townsend-Brown in support of its motion for summary judgment averring that BAC was in possession of the note. When an instrument is indorsed in blank, the instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specially indorsed. R.C. 1303.25(B). Under R.C. 1303.31(A), the "holder" of a negotiable instrument is a "[p]erson entitled to enforce" the instrument. A "holder" includes a person who is in possession of an instrument payable to bearer. *See U.S. Bank Natl. Assn. v.*

*Kamal*, 7th Dist. No. 12 MA 189, 2013-Ohio-5380, citing R.C. 1301.01(T)(1)(a); *see, also*, *Bank of Am. v. Merlo*, 11th Dist. No. 2012-T-0103, 2013-Ohio-5266, ¶ 14 (finding an indorsement in blank and an averment in the complaint along with a supporting affidavit that the party is in possession of the note is sufficient to establish standing in a foreclosure proceeding).

{¶28} The record also reflects that BAC attached a copy of the mortgage to its complaint which stated that MERS is designated as the nominee and mortgagee under the security instrument. BAC also attached a copy of the mortgage assignment to its complaint which stated that MERS, acting as the nominee for Taylor, Bean & Whitaker, assigned the mortgage to BAC on September 23, 2010. The record demonstrates that this foreclosure action was subsequently filed on September 28, 2010. On appeal, the Haases contend that the assignment of the mortgage was invalid because MERS did not have the authority to assign the mortgage. However, Ohio courts, including this one, have consistently held that MERS has authority to assign a mortgage when it is designated as both a nominee and mortgagee. *BAC Home Loans Servicing, L.P. v. Hall*, 12th Dist. Warren No. CA2009–10–135, 2010–Ohio–3472, ¶ 5–25; *Countrywide Home Loans Servicing, L.P. v. Shifflet*, 3d Dist. Marion No. 9–09–31, 2010–Ohio–1266, ¶ 9–17; *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. Cuyahoga No. 92487, 2009–Ohio–3886, ¶ 4–18.

{¶29} Moreover, the trial court noted in its judgment entry overruling the Haases' Civ.R. 60(B) motion that the Haases failed to file an answer and therefore admitted all the averments in BAC's complaint, other than those as to the amount of the damage, when they failed to deny them in a responsive pleading. *See* Civ.R. 8(D). Accordingly, for all these reasons we conclude that the trial court did not abuse its discretion in determining that BAC established standing to bring this foreclosure action.

{¶30} The Haases next argue that BAC was not entitled to summary judgment because: (1) the affidavit filed with its motion for summary judgment was insufficient to support a grant of summary judgment; and (2) BAC failed to meet certain conditions precedent prior to filing this action.[4] Initially, we note that the Haases fail to assert any operative facts in support of these arguments on appeal. We further note that the trial court determined that the Haases were precluded from raising these arguments in their Civ.R. 60(B) motion because they failed to file a direct appeal of the trial court's grant of summary judgment and issuance of a decree in foreclosure.

{¶31} "It is well settled that a motion for relief from judgment cannot be used as a substitute for appeal, even when the Civ.R. 60(B) motion is filed within the period for a timely appeal." *GMAC Mtge., L.L.C. v. Coleff*, 8th Dist.

---

[4] The Haases base their second argument on HUD regulations governing FHA-insured loans which require creditors to provide homeowners with a face-to-face meeting prior to initiating foreclosure proceedings.

Cuyahoga No. 98917, 2013-Ohio-2462, citing *Kelley v. Lane*, 103 Ohio St.3d 432, 2004-Ohio-5582, ¶ 3. We concur with the reasoning of the trial court that the Haases cannot now collaterally attack the trial court's judgment in foreclosure through a motion for relief from judgment simply because they neglected to file a direct appeal of that judgment. *See Coleff* at ¶ 13 (precluding the homeowners from challenging the trial court's judgment in foreclosure through a Civ.R. 60(B) motion by asserting several defenses that could have been raised prior to the trial court's entry of judgment, including that the lender failed to hold a face-to-face meeting).

{¶32} Third, the Haases assert that the trial court's decision to grant a judgment in foreclosure is not equitable in this case. The Haases rely on *PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 2010-Ohio-5061, (3rd Dist.), in which this Court upheld the trial court's decision to reinstate the homeowner's mortgage with the lender based on equitable grounds. *Id.* at ¶ 20. However, we find the facts and circumstances in *Barker* to be distinguishable from the ones in the case at hand and we do not find the Haases arguments based on *Baker* to be persuasive.[5]

---

[5] In *Barker*, the homeowners were issued a new coupon book after conducting loss mitigation discussions with the lender. The homeowners used this coupon book to make several payments which were accepted by the lender. Nevertheless, the lender initiated a foreclosure proceeding, which the homeowners timely defended against. The trial court noted the unique facts and circumstances of the case and concluded that the equitable principles implicated warranted a reinstatement of the homeowner's mortgage. *See Barker* at ¶¶ 38-41.

{¶33} We also note that Haases failed to file a responsive pleading to BAC's complaint in foreclosure and failed file any response to BAC's motion for summary judgment. Moreover, rather than appealing the trial court's decision to grant summary judgment and issue a decree in foreclosure, and/or immediately filing a motion for relief from judgment, the only action the Haases elected to take was to file a petition for bankruptcy, which discharged them of any personal liability on the note. It was not until nine months after the trial court entered judgment, and several months after the automatic bankruptcy stay was lifted, that the Haases then decided to file their Civ.R. 60(B) motion. In its judgment entry overruling the Haases Civ.R. 60(B) motion, the trial court noted that as a consequence of the Haases' discharge in bankruptcy BAC's recovery is now limited to any proceeds derived from a foreclosure sale. For all the foregoing reasons, we do not find the trial court abused its discretion in determining that the Haases failed to demonstrate that they should be entitled to relief from judgment on equitable grounds.

{¶34} We also conclude that, based on the aforementioned facts and circumstances of this case, the trial court did not abuse its discretion in concluding that the Haases failed to demonstrate that they are entitled to relief on the grounds enumerated in Civ.R. 60(B)(1), (3), and (5) and that their motion for relief from judgment was timely.

{¶35} Finally, we note that the Haases allege that the trial court erred in failing to hold an evidentiary hearing before ruling on their Civ.R. 60(B) motion. However, a trial court is not required to hold an evidentiary hearing when the motion and attached evidentiary materials do not allege operative facts which would warrant relief under Civ.R. 60(B). *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996). The record does not support the Haases' contention on appeal that they set forth specific allegations of operative facts that would warrant them the requested relief. Therefore, we conclude the trial court did not abuse its discretion in failing to hold a hearing.

{¶36} For all these reasons, the assignment of error is overruled and the judgments of the Marion County Court of Common Pleas are affirmed.

*Judgments Affirmed*

**WILLAMOWSKI, P.J., concurs.**

**ROGERS, J., concurs in Judgment Only.**

**/jlr**